1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PENA ROGELIO,                              No.  2:14-cv-0451 DAD P

12                 Plaintiff,

13         v.                                   ORDER

14   R. WEEKS et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For

19   the reasons discussed herein, the court will dismiss this action.[1]

20                          **THE EXHAUSTION REQUIREMENT**

21         By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. §

22   1997e to provide that "[n]o action shall be brought with respect to prison conditions under section

23   1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

24   correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C.

25   § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether

26   /////

27   _____

[1]  Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. §

28   636.  (Doc. No. 4)

1    they involve general circumstances or particular episodes, and whether they allege excessive

2    force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

3        The United States Supreme Court has ruled that exhaustion of prison administrative

4    procedures is mandated regardless of the relief offered through such procedures. See Booth v.

5    Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading

6    futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6.

7    Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion

8    requirement by filing an untimely or otherwise procedurally defective administrative grievance or

9    appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative

10    remedies prisoners 'must complete the administrative review process in accordance with the

11    applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison

12    grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S.

13    at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison

14    system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at

15    218).

16        In California, prisoners may appeal "any policy, decision, action, condition, or omission

17    by the department or its staff that the inmate or parolee can demonstrate as having a material

18    adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

19    Most inmate appeals progress through three levels of review. See id. § 3084.7. The third level of

20    review constitutes the decision of the Secretary of the California Department of Corrections and

21    Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A

22    California prisoner is required to submit an inmate appeal at the appropriate level and proceed to

23    the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.

24    2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

25        A prisoner may be excused from complying with the PLRA's exhaustion requirement if

26    he establishes that the existing administrative remedies were effectively unavailable to him. See

27    Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). For example, where prison officials

28    improperly screen out inmate grievances, they render administrative remedies effectively

1   unavailable.  See id. at 823.  In such a case, "the inmate cannot pursue the necessary sequence of

2   appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)  (excusing an

3   inmate's failure to exhaust because he was precluded from exhausting administrative remedies by

4   a warden's mistaken instruction to him that a particular unavailable document was needed for him

5   to pursue his inmate appeal).

6        If the district court concludes that the prisoner has not exhausted administrative remedies

7   and is not excused from doing so, "the proper remedy is dismissal of the claim without

8   prejudice."  Wyatt, 315 F.3d at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir.

9   2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds

10   with the good and leaves the bad."  Jones, 549 U.S. at 221.

11                                    **DISCUSSION**

12        In plaintiff's original form complaint, Question I.B. asks "Is there a grievance procedure

13   in this institution?"  Plaintiff has checked the "Yes" box as to that question.  Question I.F. asks "If

14   you did not present your claim for review through the grievance procedure, explain why."  In the

15   space provided for the answer, plaintiff explains that his appeal is "presently in review."  (Compl.

16   at 2.)  Plaintiff also notes in his answer to this inquiry that his inmate appeal is currently at the

17   second formal level of review.  (Id.)

18        A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action.  See

19   Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); see also McKinney v. Carey, 311 F.3d

20   1198, 1199 (a prisoner does not satisfy the exhaustion requirement by exhausting available

21   administrative remedies during the course of litigation).  Where, as here, the court finds that

22   plaintiff has not exhausted available administrative remedies prior to filing suit, "the proper

23   remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1120.  Given plaintiff's

24   acknowledgment of non-exhaustion, court will dismiss this action without prejudice.[2]

25   _____

26   [2] Upon completion of the administrative grievance process, plaintiff may file a new action with
     this court.  However, plaintiff is informed that if he decides to file a new action, he should not
27   include this case number on the new complaint.  In addition, the new complaint should be
     accompanied by a new application to proceed in forma pauperis that is up-to-date and properly
28   completed.

                                          3

1
**CONCLUSION**

2
Accordingly, IT IS HEREBY ORDERED that:

3
1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 5) is denied; and

4
2.  This action is dismissed without prejudice for failure to exhaust administrative

5
remedies prior to bringing this action.

6
Dated:  March 6, 2014

7

8
_____

DALE A. DROZD

9
UNITED STATES MAGISTRATE JUDGE

10
DAD:9
roge0451.fte

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28